UNITED STATES of America,
Plaintiff–Appellee,

v.

Eduardo MARMOLEJO–OCHOA, also
known as Ignacio Medrano–Gutier-
rez, Defendant–Appellant.

No. 05–41228

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Eduardo Marmolejo–Ochoa raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Carlos DURON–MORENO,
Defendant–Appellant.

No. 06–50728

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Juan Carlos Duron–Moreno raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

In the Matter of: Richard MOORE; Bobby Brooks; Pigs to Hogs Inc.; Gone Hog Wild; Pig Palace Inc.; James Blissard; Jerry Milner, Debtors.

Jim Norman; Barbara Norman; Larry Bennett; Peggy Bennett; Chester Brassfield; et al., Appellants

v.

Prestage Farms Inc.; James E. Blissard; Bobby D. Brooks; Jerry Milner; Robert Moore, doing business as Richard Moore Swine Farms; Gone Hogwild Inc.; Pig Palace Inc.; Pigs to Hogs Inc., Appellees.

No. 06–60117.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

William H. Liston, Liston & Lancaster, Winona, MS, Danny E. Cupit, Law Offices of Danny E. Cupit, Jackson, MS, for Appellants.

Jeffrey Kyle Tyree, Harris & Geno, Ridgeland, MS, Trudy D. Fisher, Brunini, Gratham, Grower & Hewes, Jackson, MS, William Fredric Blair, Troy Farrell Odom, Blair & Bondurant, Brandon, MS, for Appellees.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before KING, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

The order of the district court affirming the order of the bankruptcy court overruling the motion to remand for lack of subject matter jurisdiction is AFFIRMED. In so doing, we do not address (because it is unnecessary to do so) whether diversity jurisdiction is a proper basis for removal.

AFFIRMED. The mandate shall issue forthwith.

UNITED STATES of America, Plaintiff–Appellee

v.

Stephanie R. JONES, Defendant–Appellant.

No. 05–30952.

United States Court of Appeals, Fifth Circuit.

Feb. 8, 2007.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.